CITY OF MANKATO, BY K. M. KROST, CITY ATTORNEY,
v. EDWARD J. GUENTZEL AND OTHERS.
WILLIAM F. E. SCHWEIM v. CITY OF MANKATO
AND OTHERS.

202 N. W. 2d 767.

December 1, 1972—No. 43506.

*H. J. Tschohl, Bergman, Knutson, Street & Ulmen,* and *Thomas L. Ulmen,* for appellant.

*K. M. Krost,* for respondent.

Heard before Knutson, C. J., and Peterson, Murphy, and Schultz, JJ.

PER CURIAM.

This is an appeal arising out of disputed payment of a final award of commissioners in an eminent domain proceeding initiated by defendant city of Mankato against the land of plaintiff, William F. E. Schweim.[1] Plaintiff claims interest on the award from the date defendant delivered a check to him in payment of the awarded amount to the date the check was presented for payment and paid. There is no dispute, of course, as to his being entitled to interest for the period between the date of the award and the date he received the check.

On June 7, 1968, the commissioners made and filed a gross award of damages in the amount of $75,024 to plaintiff Schweim as fee owner, to Marcus J. and Anna Mae Frahm as tenants in possession, and to the

---

[1] Although Schweim and the city appeared in different postures in the condemnation proceeding and in the subsequent action commenced by Schweim against the city, for convenience they will be referred to herein as plaintiff and defendant, respectively.

County of Blue Earth for such taxes as may be owed on the premises. No appeal was taken from the award, which then became final.

On August 2, 1968, defendant city of Mankato mailed its check to plaintiff in the amount of the gross award, made payable to plaintiff, the Frahms, and the County of Blue Earth, pursuant to the final award of the commissioners. Defendant city placed funds on deposit sufficient to pay the check when presented for payment, which funds remained on deposit for that purpose.

Plaintiff objected to the form of payment, but only on the ground that the Frahms were not entitled to any part of the award and, therefore, should not have been named as payees. An award in gross is not prohibited, State, by Lord, v. Frisby, 260 Minn. 70, 108 N. W. 2d 769 (1961), and defendant city obviously has complied with the directions of that final award. Notwithstanding his continued objection to its form, moreover, plaintiff retained possession of the check.

On September 9, 1970—more than 2 years after receiving defendant city's check in payment of the award—plaintiff instituted an action against defendant city and the Frahms to determine the Frahms' share of the proceeds and to recover interest on the sum allocable to plaintiff. The Frahms counterclaimed for $3,000 of the award, whereupon the court ordered that sum to be deposited with the clerk of court pursuant to statute; but upon subsequent relinquishment of the Frahms' claim, the deposited sum was ordered paid to plaintiff together with interest for the period it was so held.

The district court dismissed the action against defendant city, but conditioned its order of dismissal upon defendant's paying 6-percent interest on the full sum of the award for the period of June 7, 1968 (date of the commissioners' award), to August 2, 1968 (the date defendant city had delivered its check to plaintiff). Plaintiff apparently had remained in possession, collecting rents during this period, but defendant neither asked nor was granted any offset against interest to be paid.

The district court's order conditionally dismissing the action (and denying several motions of plaintiff of like purport) involved, in effect, the merits of the action. The heart of the matter is that the delay in payment of the condemnation award is attributable to plaintiff's own action.[2] A public creditor may not impose upon the public treasury a

---

[2] One stated ground for dismissal was that plaintiff's claim for interest payment was barred by laches, an affirmative defense which plaintiff contends was not pleaded. Although not expressly pleaded as such, defendant did plead as an affirmative defense that "plaintiff has failed to exercise his legal rights and mitigate his damages, if any." We think

claim for interest where, as here, he received and retained a check properly made out in payment of the public obligation but without valid reason delayed presentment for payment for several months.
Affirmed.

that on either ground plaintiff should be estopped from claiming interest for any period in excess of that directed by the district court.